## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA KENNETH MONDEREN, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KAVIN D. PRICE, ) <br> ) <br> Defendant. ) | No. 1:24-CV-00045-SNLJ |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for default judgment against Defendant Kavin Price. (ECF No. 26). The Clerk of Court has already entered default against Defendant Price. (ECF No. 30). But before the Court can enter default judgment, Plaintiff must establish, with reasonable certainty, the basis for the relief sought—here, $82,500. Because Plaintiff has not done so, the Court will deny the motion for default judgment without prejudice and give Plaintiff thirty (30) days to file a renewed motion that supports the amount sought.

The entry of default by the Clerk does not entitle Plaintiff to default judgment as a matter of right. *United States v. $345,510.00 in U.S. Currency*, No. Civ. 01-497 (PAM-JGL), 2002 WL 22040, at *2 (E.D. Minn. Jan. 2, 2002) (citations omitted). Default judgments are disfavored under the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Even so, the entry of a default judgment is committed to the sound discretion of the district court. *Id*.

"[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action,

since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)) (internal quotation marks omitted). Further, "[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, No. 4:12-CV-02387 AGF, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted).

The Court previously dismissed all claims except Plaintiff's excessive force claim against Defendant Price. (ECF No. 8). Despite this significant narrowing of the case, Plaintiff requests the exact damages he originally demanded when pursuing multiple claims against multiple defendants—$5,000 in nominal damages, $75,000 in compensatory damages, and $2,500 in punitive damages. Plaintiff has not explained how this single excessive force claim, standing alone, justifies the same total damages he sought when pursuing both excessive force and deliberate indifference claims against two defendants.

Further, Plaintiff has not provided any documentation to support the amount requested. "[T]he Abstract value of a constitutional right may not form the basis for § 1983 damages." *Waters v. Madson*, 921 F.3d 725, 740 (8th Cir. 2019) (citation omitted).

For these reasons, the Court will deny the motion for default judgment without prejudice and give Plaintiff thirty (30) days to file a renewed motion that adequately supports the amount of damages sought. To prevail on such a renewed motion, Plaintiff must provide the Court with sufficient evidence to establish, with reasonable certainty, the basis for the requested relief of $82,500. This may include submitting relevant affidavits and/or declarations under penalty of perjury, medical records, bills, and any other materials that quantify Plaintiff's actual damages.

If Plaintiff chooses to file a renewed motion, he shall submit only one affidavit or declaration from himself describing the details of the excessive force incident and the nature and extent of his injuries. Plaintiff may also file affidavits or declarations from medical providers, counselors, or other witnesses to corroborate the claimed damages. Plaintiff must avoid submitting any irrelevant material. Although Defendant Price is in default, he may respond to Plaintiff's submissions with respect to the amount of damages.

The Court does not intend to exercise its discretion to conduct an evidentiary hearing or take oral testimony on the renewed motion. Instead, the Court intends to decide the motion based solely on the written evidentiary submissions provided by Plaintiff and any response filed by Defendant Price. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B)."). Plaintiff should therefore submit sufficient documentary evidence to support his damages claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment (ECF No. 26) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall, within **thirty (30) days** of the date of this order, file an appropriate motion for entry of default judgment, supported by all necessary documentation, and an appropriate proposed default judgment under Rule 55(b) against Defendant Kavin Price. All affidavits, declarations, or other relevant materials shall be filed together with the motion. Extraneous and irrelevant material will not be considered.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this order to Defendant Kavin Price at the address provided on page 1 of ECF No. 16.

Plaintiff's failure to file an appropriate motion for default judgment within the time specified shall result in the dismissal of this action.

Dated this 28th day of Oct., 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE